UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 08-232-P-S |
| | ) | |
| BRIAN J. WALSH, et al. | )) | |
| | ) | |
| Defendants | ) | |

## *RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

The plaintiff, the United States, moves for summary judgment in this action to foreclose on liens on real property resulting from unpaid liability for federal internal revenue taxes. The individual defendants, Brian J. Walsh and Sharon G. Walsh, contest only the amount due. The remaining defendant, HSBC Mortgage Corporation, has not responded to the motion. I recommend that the court grant the motion, but in a judgment amount less than the full amount sought by the government.

### I. Applicable Legal Standards

#### A. Federal Rule of Civil Procedure 56

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp. of Carolina*, 532 F.3d 28, 30 (1st Cir. 2008) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)).

1

"A fact is material if it has the potential of determining the outcome of the litigation." *Id*. (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

### B.  Local Rule 56

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. *See id*. The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial

or qualification with an appropriate record citation. *See id*. The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation. *See id*. The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id*.

Failure to comply with Local Rule 56 can result in serious consequences. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(f). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact." *Id*.; *see also, e.g., Sánchez-Figueroa v. Banco Popular de P.R.*, 527 F.3d 209, 213-14 (1st Cir. 2008).

## II. Factual Background

The following material facts are appropriately supported by citations to the summary judgment record in the plaintiff's statement of material facts. They are deemed admitted because the defendants contest only the amount due and have filed no response to the plaintiff's statement of material facts. Loc. R. 56(f).

The individual defendants filed federal income tax returns with the Internal Revenue Service for the years 1990-91, 1994, 1997-98, 2001-02, and 2004-06. United States' Statement of Material Facts ("SMF") (Attachment 1 to Docket No. 20) ¶ 1. However, they made no

payment on those liabilities other than the following: payments in 1990, an income tax declaration in 1998, and a payment with return for the years 2004 and 2006, for a portion of the tax liabilities for each of those years. *Id.* Assessments against the defendants by the Secretary of the Treasury, with penalties and interest, for these tax periods, as of September 28, 2009, total $268,658.25. *Id.* ¶ 2.

Notices of the assessments and demand for payment were properly sent to the individual defendants. *Id.* ¶ 3. The individual defendants have not paid the assessed liabilities. *Id.* The individual defendants are joint owners of the property located at 5 Patriot Street, Westbrook, Maine. *Id.* ¶ 4. On the dates of the assessments for each of the federal tax liabilities at issue, liens arose in favor of the United States, pursuant to 26 U.S.C. §§ 6321 and 6322, upon all property and rights to property belonging to the individual defendants. *Id.* ¶ 5.

Defendant HSBC Mortgage Corporation ("HSBC") is the holder of a mortgage on the property in the amount of $22,833.41 as of March 31, 2009. *Id.* ¶ 6. The mortgage was filed with the Cumberland County Registry of Deeds on May 1, 1986, at Book 7153, Page 327. *Id.*

### III. Discussion

The government seeks a judgment finding the liens valid, determining the amount of the individual defendants' liability, and ordering that the liens be foreclosed and the property sold with the net proceeds of the sale to be allocated to defendant HSBC and the plaintiff. United States' Memorandum in Support of its Motion for Summary Judgment ("Motion") (attachment 2 to Docket No. 20) at 1-2. As noted, the individual defendants contest only the amount due. Opposition to Motion for Summary Judgment (Docket No. 30). They contend that the applicable statute of limitations bars any recovery by the plaintiff of amounts assessed prior to 1998.

Memorandum of Law in Support of Opposition to Plaintiff's Motion for Summary Judgment (filed with Motion) at [1]-[2].

The individual defendants rely on 26 U.S.C. § 6502, *id.* at [2], which provides, in relevant part:

> **(a) Length of period.** – Where the assessment of any tax imposed by this title had been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun –
> **(1)** within 10 years after the assessment of the tax, or
> **(2)** if –
>> **(A)** there is an installment agreement between the taxpayer and the Secretary, prior to the date which is 90 days after the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer at the time the installment agreement was entered into . . . .

26 U.S.C. § 6502(a). They point out that the assessment dates in this case for the tax years 1990 and 1991 were April 13, 1994 and May 2, 1994, SMF ¶ 2 (chart), and this action commenced in July 2008, Docket No. 1.[1] Opposition at [2]. Thus, they conclude, any action to collect the taxes assessed for those years is barred.

The government responds that the statutory period of limitations was suspended in this case pursuant to 26 U.S.C. § 6331(i)(5) and (k)(2), because an installment agreement was in effect for the tax years 1990 and 1991. United States' Reply to Brian and Sharon Walsh's Opposition to the United States' Motion for Summary Judgment ("Reply") (Docket No. 32) at 2. In support of this argument, the government cites the certificates of assessment for those tax years attached as exhibits to its motion for summary judgment. *Id.*

The subsections of section 6331 of Title 26 cited by the government do appear to except the periods of time in which installment payment agreements are in effect from the applicable

---

[1] The defendants' memorandum gives this date as April 2008. Opposition at [2]. The difference has no effect on the applicability of the statute of limitations.

statute of limitations. The problem for the government, however, is that its statement of material facts contains no reference at all to any installment agreements with the individual defendants. While the government does cite to the certificates of assessment in its statement of material facts, it does so only in support of the stated fact that the individual defendants filed returns for the previously-enumerated years and did not make tax payments except as previously noted. SMF at ¶ 1.

The mere citation to exhibits filed with a statement of material facts is insufficient to support the government's contention, raised in its reply memorandum, that the individual defendants entered into an installment agreement for the 1990 and 1991 tax years. Local Rule 56(f) explicitly provides that "The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." Loc. R. 56(f). Moreover, even if its assertion were supported by the record, the government has failed timely to raise this argument because it did not include it in its initial statement of material facts. *See Tardiff v. Knox County*, 425 F.Supp.2d 159, 165 (D. Me. 2006).

The government was notified by the answer that the individual defendants raised the affirmative defense of one or more statutes of limitations. Answer (Docket No. 6) at [2] (Affirmative Defense No. 1). Where, as here, a defendant meets its burden to show that an applicable statute of limitations has run, the burden shifts to the plaintiff to establish an exception to the statute of limitations. *E.g., Campbell v. Grand Trunk Western RR. Co.*, 238 F.3d 772, 775 (6th Cir. 2001); *Koch v. Shell Oil Co.*, 52 F.3d 878, 880 (10th Cir. 1995); *Lampert v. Norfolk & Western Ry. Co.*, 966 F.2d 1442 (table), 1992 WL 122294 (4th Cir. June 8, 1992), at *2; *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 243 n.4 (2d Cir. 1984) (New York law). The government has not included in its statement of material facts in this case evident to show that it

can meet this burden. In addition, if the government somehow could not have foreseen that the individual defendants would rely on the applicable statute of limitations in response to its motion for summary judgment, it could have sought the court's permission to submit a supplemental statement of material facts addressing that issue. The government did neither of these things.

Accordingly, I recommend that the court grant the government's motion for summary judgment as requested, with the exception that the amount of damages be set at $238,149.97 ($268,658.25 minus ($22,355.54 for 1990 plus $8,152.74 for 1991)) as of September 28, 2009.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 22nd day of February, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge