**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 08-232-P-S |
| | ) | |
| BRIAN J. WALSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT AND**
**RECOMMENDED DECISION**

Before the Court is the Government's Motion for Summary Judgment (Docket # 20). On February 22, 2010, the United States Magistrate Judge filed his Recommended Decision (Docket # 33). The Government filed its Objection to the Recommended Decision (Docket # 34) on March 8, 2010. For reasons set forth below and based on the Court's own *de novo* review, the Court ADOPTS IN PART and REJECTS IN PART the Recommended Decision and GRANTS the Government's Motion for Summary Judgment (Docket # 15) in a judgment amount equal to the full amount sought by the Government.

**I.   LEGAL STANDARD**

Generally, a party is entitled to summary judgment if, on the record before the Court, it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "material fact" is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).

1

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case or defense. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmoving party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trial-worthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trial-worthy issue warrants summary judgment to the moving party." In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

In the District of Maine, Local Rule 56 details the process by which the parties present the facts to be considered in deciding a motion for summary judgment. Pursuant to this local rule, the moving party must first file a statement of material facts that it claims are not in dispute. See Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation. The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a

reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement.  Loc. R. 56(d).  Again, each denial or qualification must be supported by an appropriate record citation.  Ultimately, the Court has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts" and "may disregard any statement of fact not supported by a specific citation."  Loc. R. 56(f).

While the Local Rule 56 process may be cumbersome to describe, "[t]he rule is intended to focus both the parties and the Court on what facts are actually in dispute."  Toomey v. Unum Life Ins. Co. of America, 324 F. Supp. 2d 220, 222 n.1 (D. Me. 2004); see also Ricci v. Applebee's Northeast, Inc., 297 F. Supp. 2d 311, 321 (D. Me. 2003) ("Local Rule 56 was designed to halt the former summary judgment practice of submitting a voluminous record and leaving to the court the duty to comb the record in search of material facts.")

## II.   FACTUAL BACKGROUND

The Court proceeds to lay out the facts in the light most favorable to Defendants.  In this case, Defendants admitted the entirety of the Government's Statement of Material Facts and provided no additional statements for the Court's consideration.  Thus, most of the Court's factual recitation comes directly from Plaintiff's Statement of Material Facts (Docket # 20-1).

Defendants Brian J. Walsh and Sharon G. Walsh filed federal income tax returns with the Internal Revenue Service for the years 1990, 1991, 1994, 1997, 1998, 2001, 2002, 2004, 2005, and 2006, however, they did not make any estimated tax payments, nor any other payments on these liabilities; with the following exceptions: payments in 1990; an income tax declaration in 1998; and a payment with return for the years ending 2004 and 2006, for a portion of the tax liabilities each of those years.

The Secretary of Treasury made assessments in accordance with the law against Brian J. Walsh and Sharon G. Walsh, for income taxes, penalties, and interest, on the dates, for the tax periods, and in the total amounts with accruals as of September 28, 2009, as follows:

| TAX YEAR ENDED | ASSESSMENT DATE | UNPAID BALANCE OF ASSESSMENT | UNPAID BALANCE PLUS ACCRUALS TO 09/28/2009 |
|---|---|---|---|
| 12/31/1990 | 04/13/1994 | $ 2,099.00 | $ 22,355.54 |
| 12/31/1991 | 05/02/1994 | $ 2,982.82 | $ 8,152.74 |
| 12/31/1994 | 07/13/1998 | $ 7,398.99 | $ 15,244.53 |
| 12/31/1997 | 08/03/1998 | $ 2,604.97 | $ 5,020.13 |
| 12/31/1998 | 11/22/1999 | $ 737.04 | $ 1,533.07 |
| 12/31/2001 | 03/01/2004 | $ 36,431.76 | $ 54,843.81 |
| 12/31/2002 | 02/23/2004 | $ 26,752.39 | $ 41,760.91 |
| 12/31/2004 | 07/04/2005 | $ 734.90 | $ 973.30 |
| 12/31/2005 | 05/22/2006 | $ 42,878.33 | $ 63,381.30 |
| 12/31/2006 | 02/04/2008 | $ 43,834.38 | $ 55,392.92 |
| **TOTAL** | | | **$ 268,658.25** |

Interest and other statutory additions have continued to accrue after September 28, 2009. Notices of the assessments described in the above table, and demand for their payment, were properly sent to Brian J. Walsh and Sharon G. Walsh, on the dates of each assessment. (Gov. Exs. 3 – 12 (Docket # 20-5-20-14).) Despite notice and demand, Brian J. Walsh and Sharon G. Walsh have refused or neglected to fully pay the assessed liabilities and there remains due and owing to the United States with respect thereto, the sum of $268,658.25, plus interest and other statutory additions accruing from and after September 28, 2009.[1]

With respect to the 1994 assessments for the 1990 and 1991 federal income tax years, Defendant agreed to extend the period for collecting those assessments to December 31, 2009. (Compl. ¶12; Answer ¶12.) With respect to both tax years, the extension of the time for collection was the result of an installment agreement dated January 20, 2004. (Gov't Ex. 3

---

[1] If Defendants did not believe this was the actual amount "due and owing," they had an obligation to deny or qualify this statement to support that argument, which they did not do. (See Pl.'s Statement of Material Facts ("SMF") ¶4; Defs.' Response SMF ¶ 4.)

(Docket # 20-5) at 3; Gov't Ex. 4 (Docket # 20-6) at 2.)  On July 11, 2008, the Government filed this case seeking to recover all of the amounts outstanding via a foreclosure on Defendants' property.

Brian J. Walsh and Sharon G. Walsh are joint owners of the property located at 5 Patriot Street, Westbrook, Maine 04092 (the "Property"). Together, they are record title holders of that Property.  On the dates of the assessments for each of the federal tax liabilities at issue, liens arose in favor of the United States, pursuant to 26 U.S.C. §§ 6321 and 6322, upon all property and rights to property belonging to Brian J. Walsh and Sharon G. Walsh, and the tax liens may be foreclosed against the Property.

Defendant HSBC Mortgage Corporation ("HSBC"), is the holder of a mortgage on the Property in the amount of $22,833.41 as of March 31, 2009.  Said Mortgage was filed with the Cumberland County Recorder on May 1, 1986, at book 7153, Page 327.  Accordingly, the mortgage lien of defendant HSBC, is entitled to priority over the United States tax liens.

### III. DISCUSSION

The Recommended Decision found that the Government was entitled to the lion's share of the damages it sought, awarding damages totaling $238,149.97 as of September 28, 2009. However, the Government sought a summary judgment in the amount of $268,658.25, plus interest and other statutory additions accruing from and after September 28, 2009.  The difference between the amount sought and the amount awarded in the Recommended Decision reflects the subtraction of the amounts owed for the 1990 and 1991 tax years.  These amounts were assessed in 1994.

In their short opposition to the Motion for Summary Judgment, Defendants asserted that the statute of limitations barred recovery for any amounts assessed prior to 1998 citing "26

U.S.C. 6052."[2]  (Def. Resp. (Docket # 30) at 3.)  26 U.S.C. § 6502 generally requires that a collection action must be brought "within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1).  However, as the Government noted in its Reply, the statute of limitations is tolled for the period of time in which there is an installment agreement pending or in effect.  See 26 U.S.C. §§6331(i)(5), 6331(k)(2), 6502(a)(2)(A).

A quick review of the Government's previously submitted exhibits reflects that an installment agreement was in place for the tax years 1990 and 1991, which tolled the ten-year time limit for collection actions.  Moreover, Defendants affirmatively admitted that they had "agreed to an extension of the period for collecting the assessments for the 1990 and 1991 federal income tax years to December 31, 2009." (Compl. (Docket # 1) ¶12; Answer (Docket # 6) ¶12.)  Under these circumstances, it is clear that there is no genuine dispute as to the Government's ability to collect on the 1994 assessments and the Government is entitled to judgment as a matter of law with respect to the amounts owed on those 1994 assessments.

To the extent that the Recommended Decision reached a different conclusion with respect to this issue, the Court acknowledges that it has pierced the record and pleadings to a greater degree by looking beyond the face of the Government's Statement of Material Facts.  While the Court has "no independent duty to search or consider any part of the record not specifically referenced" in a statement of material facts, there is no prohibition on the Court doing so in either the Federal Rules of Civil Procedure or the Local Rules.  Loc. R. 56(f); see, e.g., Ricci, 297 F. Supp. 2d at 321.  In this case, review of the exhibits specifically referenced in the Statement of Material Facts yields more information about the 1994 assessments without any additional searching of the record.

Moreover, this case presents a rarely-before-seen circumstance; namely, an opposing

---

[2] This was an apparent typographical error.

statement of material facts that contains no qualifications, denials or additional facts pursuant to Local Rule 56(c). Instead, Defendants chose to present their affirmative defense, which relied only upon the absence of an installment agreement, solely by way of argument.[3] The Government, quite reasonably in the view of this Court, perceived Defendant's Local Rule 56(c) filing as foreclosing any reply statement of material facts in accordance with Local Rule 56(d). (See Gov't Reply at 1 n. 1.) The Recommended Decision correctly noted that faced with this situation a movant *could* seek leave to file a supplemental statement of material facts. However, when the necessary facts are in exhibits already provided to the Court and the overall record is not voluminous,[4] the movant could also direct the Court's attention to the additional material via its reply brief. Nothing in the letter or spirit of Local Rule 56 prevented the Court's consideration of such additional material under these circumstances.

Moreover, the Court finds no benefit in denying the Government's Motion for Summary Judgment as to the 1990 and 1991 tax years when there clearly remains no trialworthy issue as to the damages sought for those tax years. Rather, the admission in Defendants' Answer clearly forecloses Defendants from factually disputing the timeliness of the Government's collection action.

## IV.   CONCLUSION

For the reasons explained herein, the Court ADOPTS IN PART and REJECTS IN PART the Recommended Decision (Docket # 33). The Government's Motion for Summary Judgment (Docket # 20) is hereby GRANTED and judgment shall enter for Plaintiff in the amount of

---

[3] In the Court's view, Defendant's statute of limitations argument would have been properly supported with a denial or qualification of at least one portion of the Government's Statement of Material Facts. See *supra* note 1.

[4] In this case, the entire record submitted to support the Motion for Summary Judgment totaled approximately 65 pages (Docket #s 20-3-20-18).

$268,658.25 as of September 28, 2009, plus any interest and other statutory additions, which have accrued after September 28, 2009.

The Court also FINDS that the United States has valid and subsisting federal tax liens on the Property located at 5 Patriot Street, Westbrook, Maine 04092 to the extent that property is jointly owned by Defendants. On or before April 20, 2010, the Government shall file with the Court a proposed foreclosure order that orders a judicial sale of the Property and accounts for the previously entered stipulation with Defendant HSBC Mortgage Corporation (Docket # 17).

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 6th day of April, 2010.