# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 08-232-GZS |
| | ) | |
| BRIAN J. WALSH, | ) | |
| SHARON G. WALSH, and | ) | |
| HSBC Mortgage Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF SALE

This Court entered a final judgment in this action of April 6, 2010, in favor of the United States and against Brian J. Walsh and Sharon G. Walsh, jointly and severally, in the amount of $268,658.25, and ordering that the federal tax liens on real estate known as 5 Patriot Road, Westbrook, Maine 04092-4628 (the "Property") be enforced by sale.

The Court now ORDERS that the federal tax liens on the Property, more fully described as:

> A certain lot or parcel of land, with the buildings thereon, situated on the southeasterly side of Settler Road and the northerly side of Patriot Road in the City of Westbrook, County of Cumberland and State of Maine, being Lot #228, as shown on Plan of Colonial Acres, Addition #4, made by Gray Engineering, Inc., dated June 18, 1968 and recorded in the Cumberland County Registry of Deeds in Plan Book 77, Page 15, to which plan reference is hereby made for a more particular description.

> Being the same premises conveyed to the Grantors herein by deed of Sam Dibiase Homes, Inc. dated 4-29-74 and recorded in the Cumberland County Registry of Deeds in Book 3537, Page 151

be enforced and that the Property be sold under title 28, United States Code, §§ 2001 and 2002, as follows:

1.      The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS"), is authorized to offer for public sale, and to sell the Property.

1

2.      The terms and conditions of the sale are as follows:

a.  The sale of the Property shall be free and clear of the interests of Brian J. Walsh, Sharon G. Walsh;

b.  The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

c.  The sale shall be held either at the Cumberland County Superior Court in the City of Portland, or on the Property's premises;

d.  The PALS shall announce the date and time for sale;

e.  Notice of the sale shall be published once a week for at least four consecutive weeks before the sale, in at least one newspaper regularly issued and of general circulation in Cumberland County, Maine, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate.  The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

f.  The PALS shall set the minimum bid.  If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder;

g.  At the time of the sale, the successful bidder(s) shall deposit with the PALS, by cash or by certified or cashier's check payable to the United States District Court for the District of Maine, twenty (20) percent of the minimum bid as established by PALS.  Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement.  No bids will be accepted from any person(s) who have not

5404582.1

presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

       h.  The successful bidder(s) shall pay the balance of the purchase price for the Property to the clerk of this Court within thirty (30) days following the date of the sale, by a certified or cashier's check payable to the United States District Court for the District of Maine. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Brian J. Walsh and Sharon G. Walsh, as previously adjudicated in this action.  The Property shall be again offered for sale under the terms and conditions of this order of sale.  The United States may bid as a credit against its judgment without tender of cash;

       i.  The sale of the Property shall be subject to confirmation by this Court.  On confirmation of the sale, the PALS shall execute and deliver its deed conveying the Property to the purchaser.  On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

       j.  When this Court confirms the sale, the Register of Deeds of Cumberland County, Maine shall cause transfer of the Property to be recorded in the records of the Cumberland County Registry of Deeds.  The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and  registry fees as provided by law; and

       k.  The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

5404582.1

3.      Until the Property is sold, Brian J. Walsh and Sharon G. Walsh shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property.  They shall neither commit waste against the Property nor cause nor permit anyone else to do so.  They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so.  The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4.      All persons occupying the Property shall vacate the Property permanently within ninety (90) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to vacate the Property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected.  Any personal property remaining on the Property ninety (90) days after the date of this Order is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

5.      No later than two (2) business days after vacating the Property, pursuant to the deadline set forth in paragraph 4, above, Brian J. Walsh and Sharon G. Walsh shall notify

5404582.1

counsel for the United States of a forwarding address where they/she/he can be reached. Notification shall be made by contacting the Department of Justice Tax Division's TaxFLU paralegal at (202) 514-6674.

6.      Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder, the IRS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

7.      Upon confirmation by this Court of the sale, PALS shall deposit the proceeds from the sale with the Clerk of the United States District Court for the District of Maine with such funds to be applied and disbursed  as follows:

        a.  First, to the PALS for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

        b.  Second, to all taxes unpaid and matured that are owed to Cumberland County for real property taxes on the property;

        c.  Third, to the HSBC Mortgage Corporation, in accord with the Stipulation as to priority (*see* docket entry nos. 17, 18) which states that to the extent there is any balance due and owing to HSBC Mortgage Corporation on the Note and Mortgage given by Brian J. Walsh and Sharon G. Walsh as reflected in the Mortgage dated April 24, 1986, recorded in the Cumberland County Registry of Deeds at Book 7153, Page 327, securing the Property, HSBC Mortgage Corporation has a priority position in the proceeds, including accrued interest and associated reasonable fees and costs resulting from any foreclosure and sale, after HSBC provides the

5404582.1

United States an account of any balance due and owing on the mortgage on the Property at the time of the sale;

      d.  Fourth, to United States for credit against the liability of Brian J. Walsh and Sharon G. Walsh for federal income taxes for the years ending December 31, 1991, 1992, 1994, 1997, 1998, 2001, 2002, 2004 – 2006, plus all accrued interest, penalties, and other additions permitted by law; and

      e.  Fifth, any balance remaining after the above payments have been made shall be distributed to Brian J. Walsh and Sharon G. Walsh.

      SO ORDERED.

                /s/ George Z. Singal          
                United States District Judge

Dated this 30th day of April, 2010.

5404582.1